IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY WAUGAMAN ULERY, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) ) Civil Action No. 2:22-cv-1234 ) |
| JENNIFER BERRIER AND HER SUCCESSORS, IN THEIR OFFICIAL CAPACITY AS SECRETARY OF DEPARTMENT OF LABOR AND INDUSTRY, ET AL., | ) ) ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that Defendants' (ECF No. 15) Motion for Judgment on the Pleadings be granted in part and denied in part.

**II.     REPORT**

**A.  Relevant Procedural History**

Plaintiff Amy Waugman Ulery initiated this case on August 26, 2022 by filing a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), with a *pro se* Complaint (ECF No. 1-1) attached.  The Court denied Plaintiff's Motion to Proceed *in forma pauperis* in an order issued on September 28, 2022 (ECF No. 3).  In that order, Plaintiff was directed to pay the full filing fee by November 14, 2022 or the case would be dismissed for failure to prosecute (ECF No. 3).  Plaintiff paid the full filing fee on November 10, 2022 (ECF No. 5) and the Complaint was docketed the same day (ECF No. 6).

The Complaint names as Defendants Jennifer Berrier, and her successors, in their official capacity as Secretary of Department of Labor and Industry, Tom Wolf, and his successors, in their

capacity as Governor, and Jacqueline Jackson-DeGarcia, and her successors, in their official capacity as Director of Office Administration, Office of Equal Employment Opportunity (the "Individual Defendants"); the "Office of Administration, Office of Chief Legal Counsel" and the "Department of Labor and Industry, Bureau of Disability Determination" (the "Commonwealth Agencies"); and the Commonwealth of Pennsylvania (the "Commonwealth") (collectively "Defendants").

On December 7, 2022, Defendants filed both an Answer to the Complaint (ECF No. 14) and a Motion for Judgment on the Pleadings and Brief in Support (ECF Nos. 15 and 16). Plaintiff filed a Response on December 20, 2022 (ECF No. 17).  Thus, the motion is fully briefed and ready for disposition.

B. **Relevant Factual Background**

Plaintiff is a Disability Claims Adjuster with the Department of Labor and Industry, an agency of the Commonwealth of Pennsylvania (ECF No. 6 ¶ 2).  She has been in that position since April 14, 2014 (*Id.*).  On August 11, 2021, Defendant Office of Administration sent an email to employees that announced "a new incentive to encourage [C]ommonwealth employees to get the COVID-19 vaccine to protect their coworkers, their families and their communities." Employees were advised that "starting on October 1, 2021, state employees under the Governor's jurisdiction are eligible to receive one day of paid time off (up to 7.5/8 hours) if they have received a single dose of the Johnson and Johnson vaccine or both doses of the Moderna or Pfizer-BioNTech vaccine, regardless of the date of vaccination." (*Id.* ¶23 Exhibit 4).

On October 28, 2021, the Commonwealth entered into an agreement with the Service Employees International Union ("SEIU") Local 668, of which Plaintiff is a member.  This agreement provided an additional five days of paid "Verification Leave" to employees "in agencies

under the Governor's jurisdiction that have already completed their CDC-approved COVID-19 vaccine regimen as well as those that choose to complete it by December 31, 2021." (ECF No. 6 ¶24, Exhibit 5).  The October 28, 2021 agreement between the Commonwealth and SEIU Local 668 also provided that "[e]mployees who wish to pursue a religious or medical accommodation to be exempted from the requirement to vaccinate…may submit such requests through" the Employee Self-Service ("ESS") portal available to employees.  (ECF No. 6 ¶24, Exhibit 5).

On November 21, 2021, Plaintiff received an email sent to all Commonwealth employees announcing that an additional day of paid Administrative Leave would be available for employees receiving the COVID-19 vaccination, "making the total leave available [to employees] having received a COVID-19 vaccination six full days…." (ECF No. 6 ¶26, Exhibit 7).

Plaintiff then filed a Complaint on November 24, 2021, against former Governor Tom Wolf with the Pennsylvania Human Relations Commission ("PHRC"), which simultaneously opened a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging religious discrimination and hostile work environment claims.  (ECF No. 6 ¶6, Exhibits 9 and 10).  On November 28, 2021, Plaintiff received an email from Sheldon Murray, the Director of EEO Investigations, Office of Administration, Equal Opportunity Office stating: "[t]his letter is in reference to the Equal Employment Opportunity discrimination complaint received on November 24, 2021, which was provided to the Bureau of Equal Opportunity Investigations (BEEOI) for review.  Based on a review of the COVID 19 Emergency Paid Sick Leave and information submitted in the complaint, no stated action has occurred for the Bureau to investigate.  Therefore, BEEOI lacks jurisdiction to investigate this matter and must close this matter."  (*Id.* ¶ 9, Exhibit 11).  The email also advised Plaintiff of her right to file another complaint with the PHRC and the EEOC within 180 days of the alleged act of discrimination.  (*Id.*).

Plaintiff refiled her Complaint with the PHRC on December 14, 2021 in which she asserted religious discrimination and hostile work environment claims, this time against the Commonwealth. (ECF No. 6 ¶7, Exhibit 13).

On January 18, 2022, Plaintiff sent an email via the ESS portal attaching a letter in which she requested a religious accommodation exemption to the Verification and Administrative Leave program. (ECF No. 6 ¶32, Exhibit 16). Plaintiff received an email from Defendant Jackson-Garcia, the Director of the Office Equal Employment Opportunity, Office of the Defendant Office of Administration the next day. The email stated that "[r]ecently, you submitted a request regarding the covid-19 vaccine-related incentives and provided information as to why you will not be vaccinated for covid-19 but believe that you should nevertheless be entitled to incentives. Please be advised that in accordance with the parameters outlined by the Governor, only employees who provide verification are eligible for the incentives. As such, you are not eligible for the leave incentives." (*Id.* ¶33 Exhibit 18).

In response to the Plaintiff's December 2021 Complaint, the PHRC issued a "Finding of No Probable Cause" order on December 14, 2021, which stated:

> Complainant…alleges that Respondent discriminated against her because of her religious creed (strongly held belief) in violation of 43 P.S. §955 when she was not provided [the same] equal incentive payments as her coworkers…Complainant states that she believes the incentive to be "coercive" due to it being "enticing". Incentive programs offered to all employees are not an unlawful discriminatory practice under the statute. Voluntary programs exist for the promotion of health and disease prevention. The voluntary program is designed to provide aggregate and individual benefits by encouraging a safe and healthy workplace. Additionally, the "Coercive" nature of wellness programs refers to those programs that would be punitive in nature such as deducting wages due to non-participation or denying health insurance based on the medical information gathered. "Coercive" refers to those programs that require disclosure of disability related information to the employer. Vaccination status is not protected information under the statue and a required qualification to receive the incentive. Complainant failed to show that she qualified for the incentive program. Any employee who fails to disclose vaccination status, regardless of protected class, would not be eligible for the program. WHEREFORE, based on the evidence described above, the Pennsylvania Human Relations Commission concludes that there is

insufficient evidence to support a finding of probable cause. Insufficient evidence exists to establish that the Commonwealth of Pennsylvania, Department of Labor and Industry, discriminated against Amy Ulery on the basis of religious creed in violation of Section 5(a) of the Pennsylvania Human Relations Act.

(ECF No. 6 ¶10, Exhibit 19).

Plaintiff then requested a Substantial Weight Review from the EEOC of the February 14, 2022 "Finding of No Probable Cause" order issued by the PHRC. (ECF No. 6 ¶11 Exhibit 21). In a letter to Plaintiff dated June 1, 2022, the EEOC advised her that: "[w]e have reviewed the processing of your charge regarding your expressed concerns. Our review, including the information you provided, does not indicate a basis to change the disposition of the charge. If you wish to pursue your rights further, you may do so by filing in Federal Court using the enclosed Notice of Right to Sue. If you fail to file suit within 90 days of receipt of the original Notice, your right to file in these matters will be lost and cannot be restored." (*Id.* ¶12 Exhibit 22).

Thereafter, Plaintiff commenced this action in which she asserts claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et. seq.* ("Title VII").[1]

## C. Legal Standard

In deciding a Rule 12(c) motion for judgment on the pleadings, the Third Circuit has held:

> Under Rule 12 (c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In reviewing the grant of a Rule 12 (c) motion, we must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

---

[1] Although the Plaintiff asserts that this Court has "supplemental jurisdiction over plaintiff's related claims arising under state and local laws…" (ECF No. 6 ¶3), a liberal reading of the Complaint, which is entitled "Complaint for Title VII Employment Discrimination," does not identify any claim other than one under Title VII. *See also* ECF No. 6-1 (citing only 42 U.S.C. §§2000e, *et. seq.*) Thus, the Court's evaluation is limited to the Title VII claim stated in the Complaint.

*Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 290–91 (3d Cir.1988) (internal quotation marks and citations omitted).

To defeat a motion to dismiss or motion for judgment on the pleadings, it is sufficient, but not necessary, to allege a prima facie case. *See Martinez v. UPMC Susquehanna,* 986 F3d 261, 266 (3d Cir. 2021). The complaint need only allege enough facts to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009) *quoting Phillips v. Cty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008).

### D. Discussion

Defendants' Motion makes three arguments: (1) that the Individual Defendants should be dismissed because there is no individual liability under Title VII; (2) that the Agency Defendants should be dismissed because they are not Plaintiff's employer; and (3) that Plaintiff has failed to state a claim under Title VII based on the Commonwealth's Covid-19 employee vaccine incentive program. (ECF No. 16 pp. 3-9).

Plaintiff's response to the first two arguments is that Title VII abrogated the Individual and Agency Defendants' 11th Amendment sovereign immunity. (ECF No. 17 pp. 4-8). Her response to the third argument is that her Complaint states a valid claim for religious discrimination under Title VII based on the Commonwealth's Covid-19 paid leave incentive plan for employees. (ECF No. 17 pp. 7-18). Each of these arguments will be addressed below.

1. <u>The Title VII Claims Against the Individual Defendants (Secretary Barrier, former Governor Wolf and Director Jackson-DeGarcia) Should be Dismissed Because There is No Individual Liability Under Title VII.</u>

Defendants first argue that the Individual Defendants are entitled to judgment on all claims against them because there is no individual liability under Title VII. *See, e.g.*, *Barnett v. N.J. Transit Corp.,* 573 F.App'x 239, 242 (3d Cir. 2014). They are correct.

Based on long-standing precedent in this Circuit, there is no individual liability under Title VII. As held in *Sheridan v. E.I. Dupont de Nemors & Company,* 100 F.3d 1061, 1078 (3d Cir. 1996), which affirmed the dismissal of a Title VII claim brought by a former employee against her employer and her former supervisor, "we are persuaded that Congress did not intend to hold individual employees liable under Title VII." *See also Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552* (3d Cir. 1996) ("[f]or the reasons previously given by the court in *Sheridan* and other courts of appeals, individual employees cannot be held liable under Title VII."); *Clark v. Commonwealth of Pennsylvania,* 885 F. Supp. 694, 713 (E.D. Pa. 1995) ("Title VII is aimed at employers…."); *Emerson v. Theil Coll.*, 296 F.3d 184, 190 (3d Cir.2002); and *Walker v. Wolf,* 2022 WL 2703607, *2 (3d Cir. 2022)(finding that the district court "correctly dismissed [plaintiff's] Title VII…claims to the extent he brought them against the Governor and Secretary of Transportation because only "employers" may be held liable under [Title VII]. [The Statute does] not provide for individual liability").

Although Plaintiff has only brought claims against the Individual Defendants in their official capacities, this does not change the outcome here. Since Plaintiff has also named the Commonwealth, which is her employer, as a defendant, official capacity claims against individuals cannot be brought under Title VII. *Foxworth v. Pennsylvania State* Police, Civ. 03-6295, 2005 WL 840374, at *4 (E.D. Pa. 2005)("the only proper defendant in a Title VII case is the "employer";

7

pursuing such claims against individuals in their official capacities would be redundant."); *see also Gretzula v. Camden Cty. Tech. Schools Bd. of Ed.,* 965 F. Supp. 478, 486 (D.N.J. 2013) ("[t]his Court holds that Plaintiff cannot bring a Title VII claim against [his supervisor] in his official capacity…Title VII provides for liability against employers, not supervisors.").

Plaintiff's sole response to the Individual Defendants' position is that Title VII abrogated their 11th Amendment sovereign immunity. This argument misses the mark, however. The Individual Defendants neither rely upon sovereign immunity nor is it relevant to the issue of whether an individual defendant can be sued under Title VII. Simply put, Plaintiff has failed to show that she can advance a claim against the Individual Defendants under Title VII.

Because Secretary Barrier, former Governor Wolf and Director Jackson-Garcia are individual employees, they cannot be liable under Title VII. Therefore, it is recommended that Defendants' motion for judgment on the pleadings be granted as to the Individual Defendants and that Plaintiff's Title VII claim against them be dismissed with prejudice.

2. <u>The Title VII Claims Against the Office of Chief Legal Counsel for the Commonwealth's Office of Administration and the Bureau of Disability Determination Should be Dismissed as These Agencies Are Not the Plaintiff's Employer.</u>

Title VII claims may be made only against an employer. As Title VII provides in relevant part:

It shall be an unlawful employment practice for an *employer*—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...

42 U.S.C. § 2000e–2(a) (emphasis added). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ...." *Id.* § 2000e(b). *See also Sheridan, supra.* at pp. 1077-1078.

Plaintiff identifies the Commonwealth of Pennsylvania as her employer in multiple places in the Complaint. She alleges that she was hired by the Commonwealth in October 2001 and remains employed by the Commonwealth. (ECF No. 6 ¶¶ 2, 15). She also appears to rely on the fact that the Commonwealth has fifteen or more employees as a basis for her Title VII claim. (*Id.* ¶ 15 fn. 1). There are no allegations in the Complaint that she is employed by the Office of Legal Counsel for the Commonwealth's Office of Administration. Similarly, while she alleges that she was "transferred to her current position of Disability Claims Adjuster (within the Department of Labor and Industry)" (ECF No. 6 ¶15 (a)), she does not claim to be employed by the Bureau of Disability Determination in the Department of Labor and Industry.

As noted above, only employers may be sued under Title VII. 42 U.S.C. §2000e-2(a). As Plaintiff acknowledges, her employer is the Commonwealth, not any specific department of the Commonwealth. Accordingly, it is respectfully recommended that the Agency Defendants' motion for judgment on the pleadings be granted and that the Office of Chief Legal Counsel for the Commonwealth's Office of Administration and the Bureau of Disability Determination be dismissed with prejudice.[2]

---

[2] Plaintiff's Response (ECF No.17) makes the same argument on this issue it did to the Individual Defendants' argument on the issue of whether there is individual liability under Title VII – namely that Title VII abrogated the Commonwealth Agency Defendants 11th Amendment sovereign immunity. For the reasons in stated in Section D. 1, that argument misses the mark and is not substantively responsive to Defendants' argument on this point.

3. <u>Material Issues of Fact Preclude a Motion for Judgment on the Pleadings on Plaintiff's Claim of Religious Discrimination Under Title VII</u>[3]

As noted previously, judgment on the pleadings cannot be granted unless a defendant shows that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *See Jablonski, supra.* at p. 290-291. Moreover, the court must view the facts presented in the pleadings and inferences to be drawn therefrom in the light most favorable to the nonmoving party (*id.*) and must liberally construe *pro se* filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Title VII, it is an unlawful employment practice for an employer to discriminate against an individual with respect to conditions of employment because of her religion. 42 U.S.C. § 2000e-2(a)(1). Title VII defines "religion" as follows:

> The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

42 U.S.C. § 2000e(j).

To establish a prima facie case of religious discrimination under Title VII, an employee must show that she: (1) holds a sincere religious belief that conflicts with a job requirement; (2) informed her employer of the conflict; and (3) was disciplined for failing to comply with the conflicting job requirement. *EEOC v. GEO Corp. Inc.,* 616 F.3d 265, 271 (3d Circuit 2010). However, establishing a prima facie case is an "evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, since the only factual allegations in the record about these issues are those pleaded by Plaintiff, the "complaint need only allege

---

[3] Given the court's recommendation that the Individual and Commonwealth Agency Defendants should be dismissed, this section of the Report and Recommendation will refer only to the Commonwealth Defendant.

10

enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

The Commonwealth first argues that Plaintiff has not adequately alleged that she "holds a sincere religious belief that conflicts with a job requirement" (ECF No. 16 p. 8). As an initial matter, a review of Plaintiff's Complaint and its exhibits demonstrates that she communicated to her employer that she held a religious belief regarding the Covid vaccine and explained the nature of that belief. (*See* ECF No. 6 ¶32 and Exhibit 15.)[4] There are no contrary factual allegations in the pleadings. Thus, whether Plaintiff held these religious beliefs and whether they are "sincere" cannot be determined through a review of the pleadings.

With respect to Defendants' contention that the paid leave incentive to obtain a vaccination was not a "requirement of employment" (ECF No. 16 p. 7), Plaintiff's Complaint alleges that such paid leave policy was "implicitly coercive" and thus arguably "a requirement of employment." (ECF No. 6 ¶ 39). Thus, this issue is disputed.

Finally, Defendant argues that Plaintiff was not disciplined for not getting vaccinated (ECF No. 16 p. 7). However, Plaintiff contends that by being denied the paid leave, she was denied a "privilege[] of employment." (ECF No. 6 ¶2).

Thus, construing the allegations of the Complaint liberally and in the light most favorable to Plaintiff, sufficient facts are alleged to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" to establish a prima facie case of religious discrimination under Title VII. *Fowler, supra* at 213.

---

[4] In a January 17, 2022 letter to the Commonwealth, Plaintiff states, among other things, that her "sincerely held religious belief is that God is my creator and would want me to treat my body as his creation and not allow experimental, potentially deadly treatments to be performed or[sic] his creation." (ECF No. 6-16, p.4). Her letter goes on to make other references to her sincere religious beliefs and also includes numerous quotes from the Bible. (*Id.* at pp. 5-9.) Defendants' Answer does not refute these statements.

Once a plaintiff establishes a prima facie case, "the burden shifts to the employer to show that either it made a good-faith effort to reasonably accommodate the religious belief, or such accommodation would work an undue hardship upon the employer and its business." *Webb v. City of Phila.,* 562 F.3d 256, 259 (3d Cir. 2009). If the employer offered a reasonable accommodation, then "the statutory inquiry is at an end." *Ansonia Bd. of Educ. V. Philbrook,* 479 U.S. 60, 68 (1986). If it did not, then the court evaluates whether the employee's requested accommodation and whether the accommodation could cause an undue hardship. *Id.* at 67. Thus, it is necessary to examine whether there are material issues of fact regarding the Commonwealth's contention that it made a good-faith effort to reasonably accommodate Plaintiff's religious belief or alternatively, that such accommodation could cause an undue hardship to the Commonwealth if implemented.

The first inquiry the court must make in doing this analysis is to determine what constitutes a "reasonable accommodation." The plain language of the statute directs employers to "reasonably accommodate" religious practices, so "Title VII requires otherwise-neutral policies to give way to the need for accommodation." *EEOC v. Abercrombie & Fitch Stores, Inc.,* 575 U.S. 768, 765 (2015). An accommodation is reasonable if it "eliminates the conflict between employment requirements and religious practices." *Ansonia, supra,* at p. 70.

In *Ansonia,* the Supreme Court analyzed a similar situation to the one at issue here. In that case, a high school teacher brought a Title VII action for religious discrimination against his employer. The plaintiff alleged that a collective bargaining agreement between his union and the school district, which allowed three days of paid leave for religious observance, but not for personal business, violated Title VII. Plaintiff also alleged that he requested an accommodation to be provided paid leave for his personal business leave days as he wished to use those days for religious observance. He further argued that by denying that request and making those leave days

unpaid, the School District violated Title VII. He also alleged that his religious beliefs prohibited him from engaging in secular employment on holy days, more than three of which occurred during the school year. The Supreme Court analyzed the circumstances under which paid and unpaid leave may constitute a reasonable accommodation of a religious belief under Title VII, finding that:

> [U]npaid leave is not a reasonable accommodation when paid leave is provided for all purposes but religious ones. A provision for paid leave "that is part and parcel of the employment relationship may not be doled out in a discriminatory fashion, even if the employer would be free…not to provide the benefit at all." *Hishon v. King & Spaulding,* 467 U.S. 69, 75, 104 S.Ct. 2229, 2233-2234, 81 L.Ed 2d 59 (1986). Such an arrangement would display a discrimination against religious practices that is the antithesis of reasonableness. *Whether the policy here violates this teaching turns on factual inquiry into past and present administration of the personal business leave provisions of the collective-bargaining agreement.* The school board contends that the necessary personal business category in the agreement, like other leave provisions, defines a limited purpose leave. [The teacher], on the other hand, asserts that the necessary personal leave category is not so limited, operating as an open-ended leave provision that may be used for a wide range of secular purposes in addition to those specifically provided for in the contract, but not for similar religious purposes. We do not think that the record is sufficiently clear on this point for us to make the necessary factual findings…

*Id.* 71 (emphasis added).

On the issue of whether a reasonable accommodation was offered to the Plaintiff, the Commonwealth argues "because Plaintiff was not *required* to get vaccinated, there was no conflict between any religious belief held by Plaintiff and a job requirement." (ECF No. 16 p. 7) (emphasis in original). In essence, the Commonwealth argues that no accommodation was required since the paid leave incentive was not a "requirement of employment" but merely a voluntary program to persuade Commonwealth employees to get the Covid-19 vaccine. Plaintiff responds that the Commonwealth "made no effort" to offer an accommodation. (ECF No. 6 ¶46). Thus, because there is a factual dispute about whether a reasonable accommodation was required or ever even offered, it is premature to resolve this issue at this juncture.

The Commonwealth next argues "because the vaccine incentive program was implemented as part of the Collective Bargaining Agreement applicable to Plaintiff's position…the Commonwealth would face undue hardship if they were required to provide Plaintiff with an accommodation in the form of administrative leave for not being vaccinated where other employees could only receive such leave if vaccinated." (ECF No. 16 p. 9). In response, Plaintiff argues the Commonwealth "lacks the evidence needed and ability to be able to claim and undue hardship." (ECF No. 6 ¶46). Indeed, there is no factual evidence in the record that demonstrates that an undue hardship would have been encountered by the Commonwealth if they had granted administrative leave to Plaintiff. This issue cannot be resolved at the pleading stage.

Viewing the factual allegations in the pleadings and the inferences to be drawn therefrom liberally and in the light most favorable to Plaintiff, and similar to the outcome in *Ansonia,* there are material issues of disputed fact about whether the Commonwealth offered Plaintiff a reasonable accommodation and whether it could have faced an undue hardship if it would have accommodated her request by granting administrative leave.

Consequently, given the existence of material issues of fact, it is respectfully recommended that Defendants' motion for judgment on the pleadings with respect to Plaintiff's Title VII religious discrimination claim against the Commonwealth be denied.

**E.  Conclusion**

For these reasons, it is respectfully recommended that the Individual Defendants' and Agency Defendants' motion for judgment on the pleadings be granted and that the following defendants be dismissed with prejudice:

- Jennifer Berrier, and her successors, in their official capacity as Secretary of Department of Labor and Industry;

- Tom Wolf, and his successors, in their capacity as Governor;
- Jacqueline Jackson-DeGarcia, and her successors, in their official capacity as Director of Office Administration, Office of Equal Employment Opportunity;
- Office of Administration, Office of Chief Legal Counsel; and
- Department of Labor and Industry, Bureau of Disability Determination.

Dismissal of these Defendants should be with prejudice because amendment would be futile. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). As discussed above, none of the Individual Defendants or the Agency Defendants are Plaintiff's employer, and therefore, cannot be liable under Title VII.

It is further recommended that Defendants' motion for judgment on the pleadings with respect to Plaintiff's Title VII religious discrimination claim against the Commonwealth be denied.

**F. Notice**

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F. 3d 187, 193 n.7 (3d Cir. 2011).

Dated: July 11, 2023                                                s/ Patricia L Dodge
                                                                    PATRICIA L. DODGE
                                                                    United States Magistrate Judge