IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY WAUGAMAN ULERY, | ) |
| Plaintiff, | ) No. 2:22-cv-1234 |
| vs. | ) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER OF COURT

Before the Court is the Honorable Patricia L. Dodge's July 11, 2023 Report and Recommendation (ECF No. 19), which recommends that the Motion for Judgment on the Pleadings (ECF No. 15) filed by Defendants in this matter be granted in part and denied in part. Objections to Judge Dodge's Report and Recommendation were due by July 25, 2023. Plaintiff filed Objections (ECF No. 20) to the Report and Recommendation on July 27, 2023. No response to the Objections has been filed, and the Court considers the Report and Recommendation to be ripe for disposition.

With respect to dispositive matters, the reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States

Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Following review of all relevant docket entries, the Court accepts and adopts Judge Dodge's Report and Recommendation as the opinion of the Court with respect to Plaintiff's claims against the Commonwealth, the Individual Defendants, and the Office of Legal Counsel for the Commonwealth's Office of Administration. The Court will not adopt the Report and Recommendation's recommendation that judgment be entered in Plaintiff's favor against the Department of Labor and Industry, Bureau of Disability Determination at this time.

Initially, Plaintiff offers no objection to the Report and Recommendation's conclusions as to the Individual Defendants, the Office of Legal Counsel for the Commonwealth's Office of Administration, and the Commonwealth itself, and the Court sees no basis to disturb those conclusions. Plaintiffs' assertions of minor errors set forth in the factual description of this case in the Report and Recommendation have no impact on the legal issues addressed in the Motion for Judgment on the Pleadings, nor on conclusions set forth in the Report in Recommendation. The inaccuracies asserted by Plaintiff are noted by the Court, but, to the extent they constitute objections to the conclusions set forth in the Report and Recommendation, they are overruled.

Plaintiff does not, technically speaking, assert specific objections to the Report and Recommendation's conclusions respecting the Department of Labor and Industry, Bureau of Disability Determination, but, rather, requests leave to amend her complaint to include that agency as a Defendant. Upon review of the relevant briefing and the Report and Recommendation itself,

the Court notes that it is clear that both Judge Dodge and the Defendants already considered Plaintiff to have included the Department of Labor and Industry, Bureau of Disability Determination as a Defendant.  The Court hereby grants Plaintiff's request to amend to include the Department of Labor and Industry, Bureau of Disability Determination as a Defendant.  Because Defendants and Judge Dodge have already addressed the issues before the Court under the assumption that Plaintiff had named the Department of Labor and Industry, Bureau of Disability Determination as a Defendant, the Court finds that the filing of an amended complaint to name that party is unnecessary, and hereby deems the Department of Labor and Industry, Bureau of Disability Determination to be named as a Defendant.  The Court will now consider the assertions and conclusions in the Motion for Judgment on the Pleadings and the Report and Recommendation as to that party.

     As the basis for granting judgment in the Bureau of Disability Determination's favor, the Report and Recommendation provides: "[Plaintiff] does not claim to be employed by the Bureau of Disability Determination in the Department of Labor and Industry."  R & R 9, ECF No. 19.  Defendants have acknowledged in their Motion and briefing, however, that Plaintiff "is currently an employee of the Commonwealth of Pennsylvania, *assigned to the Pennsylvania Department of Labor and Industry*[,]" Mot. ¶ 1, ECF No. 15 (emphasis added), and have argued that "[w]hile the naming of the Bureau of Disability Determination *is redundant where Plaintiff has also named the Commonwealth of Pennsylvania as her employer*, it is apparent from the allegations of the Complaint that Plaintiff does not work for Office of Chief Legal Counsel . . . because the Office of Chief Legal Counsel is not Plaintiff's employer –and because there is no employment relationship between the two– she cannot pursue a Title VII claim against this entity[,]" Br. in Supp. 5-6, ECF No. 16 (emphasis added) (footnote omitted).

Rather than explicitly argue that Plaintiff has no employment relationship with the Department of Labor and Industry, Bureau of Disability Determination (as they did with the Office of Chief Legal Counsel), Defendants argue that suing the Department of Labor and Industry, Bureau of Disability Determination is redundant.  As noted, Defendant's Answer admits that Plaintiff works in the Department of Labor, Bureau of Disability Determination.  "Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law[,]" and the Court is required to "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  R & R 5, ECF No. 19.  Where Defendants themselves have acknowledged a possible employment relationship between Plaintiff and the Department of Labor and Industry, Bureau of Disability Determination, and have merely argued that suing that agency is redundant because Plaintiff has also sued the Commonwealth,[1] the Court cannot conclude that no material issue of fact remains to be resolved with respect to Plaintiff's employment relationship, or lack thereof, with the Department of Labor and Industry, Bureau of Disability Determination.  Defendants essentially acknowledge Plaintiff's employment relationship with that agency, and did not respond to Plaintiff's request for leave to amend.  In light of the same, the Court will not grant judgment in the Department of Labor and Industry, Bureau of Disability Determination's favor at this time.  The Court perceives no prejudice to any party, and, if warranted, this issue may be revisited at the summary judgment stage.

---

[1] The Court makes no finding as to the redundancy of Plaintiff's claims at this time, but notes that the Supreme Court of Pennsylvania has held that the Commonwealth and its agencies are distinct entities for purposes of lawsuits.  *See Tork-Hiis v. Com.*, 735 A.2d 1256, 1259 (Pa. 1999) ("Additionally, the party substitutions in both *Jacob's* and *Powell* constituted, for all practical purposes, one and the same legal entity in each case.  *The same cannot be said for the commonwealth and any of its agencies*." (emphasis added)).

4

It is further ordered that Defendants' Motion for Judgment on the Pleadings is granted as to the Individual Defendants and the Office of Legal Counsel for the Commonwealth's Office of Administration, and that judgment is hereby entered in the Individual Defendants' and the Office of Legal Counsel for the Commonwealth's Office of Administration's favor as to Plaintiff's claims.  The Motion for Judgment on the Pleadings is denied as to the Commonwealth and the Department of Labor and Industry, Bureau of Disability Determination.

                                                BY THE COURT:

                                                s/*Robert J. Colville*
                                                Robert J. Colville
                                                United States District Judge

Dated:        August 17, 2023

cc:

        Amy Waugaman Ulery
        1636 Banning Road
        Dawson, PA 15428